57 F.3d 1084
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Joe-Riley EPPS, Petitioner,
v.
DEPARTMENT OF the INTERIOR, Respondent.
 No. 95-3023.
 United States Court of Appeals, Federal Circuit.
 June 9, 1995.
 
 Before ARCHER, Chief Judge, NEWMAN and MAYER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Joe-Riley Epps, a Range Conservationist with the Department of the Interior's Bureau of Land Management (BLM or agency), seeks review of the May 20, 1994, initial decision of the Merit Systems Protection Board, No. DE0752940165-I-1, affirming the agency's decision to suspend him for 120 days for improper conduct demeaning to another employee in violation of 43 C.F.R. Sec. 20.735-2. This decision became final on September 12, 1994, when the full board denied his petition for review. We affirm.
 
 
 2
 We review the board's decisions under a narrow standard. We must affirm a decision unless it is demonstrated to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). "[T]he standard is not what the court would decide in a de novo appraisal, but whether the administrative determination is supported by substantial evidence on the record as a whole." Parker v. United States Postal Serv., 819 F.2d 1113, 1115 (Fed.Cir.1987).
 
 
 3
 Epps first argues that the agency committed harmful procedural error in disciplining him, because (1) Hahn was so involved in the investigation and proposal that she was rendered the true proposing official; (2) Hartzell, the nominal proposing official, disagreed with the proposed penalty but acquiesced in Hahn's suggestion of a 120-day suspension; and (3) it was improper for Hahn to be the proposing official because she was on the same level within the agency as Moore, the deciding official.
 
 
 4
 Under the department manual, the deciding official in a disciplinary action must be of a higher rank than the proposing official, unless there is no higher official within the department. 370 DM 752, 1.3C. Also, the official responsible for making the final decision must sign the notice of the decision. 370 DM 752, 3.4.
 
 
 5
 Taking each relevant portion of the manual in turn, we do not see a harmful violation of agency procedure. The deciding official, Moore, was a higher-level official than the proposing official, Hartzell. It is undisputed that Hartzell signed the notice of proposed suspension and that Moore signed the final decision approving the suspension. Although Hartzell testified that he would have preferred a more lenient penalty, there is no evidence that he informed Hahn or Moore of his objections. Hartzell transferred the draft letter to official letterhead, signed it, and presented it to Epps. Hahn testified that her function was to coordinate the dual pending disciplinary actions against Epps and the other employee charged in the incident, to ensure that their cases would be handled in a consistent manner, and the administrative judge (AJ) accepted her explanation of her role. We thus discern no error in the AJ's finding that the agency followed the proper procedures in disciplining Epps.
 
 
 6
 Epps also challenges the penalty of a 120-day suspension, arguing that the agency and the AJ did not consider the mitigating circumstances; that the penalty is grossly disproportionate to the offense and to the penalties administered in similar cases; and that his suspension does not promote the efficiency of the service. Contrary to his assertions, however, the AJ considered the relevant Douglas factors, see Douglas v. Veterans Admin., 5 M.S.P.R. 280, 304-06 (1981), including the mitigating factors present in this case. The record shows that the agency considered Epps's five years of government service, excellent work evaluations, previously unblemished disciplinary record, honorable military service, and receipt of a BLM award for his field work. Nevertheless, the agency also properly considered the nature and seriousness of the offense, the consistency of the penalty with those imposed on other employees for the same or similar conduct, and the incident's impact on the agency's reputation and efficiency, as well as the adequacy of alternative sanctions to deter such conduct in the future by Epps or other employees. We agree with the AJ that the agency carefully weighed all of the circumstances surrounding the incident prompting the charge against Epps and concluded that a 120-day suspension was appropriate and promoted the efficiency of the service.
 
 
 7
 We must defer to the agency's choice of penalty unless it exceeds the range of permissible penalties under statute, regulation, or agency policy, or is so disproportionate to the offense that it constitutes an abuse of discretion. DeWitt v. Department of the Navy, 747 F.2d 1442, 1445 (Fed.Cir.1984). Here, a 120-day suspension is squarely within the range of penalties provided for in the agency table, which calls for a penalty from "written reprimand to removal" for a first-time violation of 43 C.F.R. Sec. 20.735. 370 DM 752,3, app. A. Moreover, "[n]o appellate court has the institutional competence or authority to find facts to determine what is for the efficiency of the service." Sanders v. United States Postal Serv., 801 F.2d 1328, 1333 (Fed.Cir.1986). Therefore, "[a] presumption of good faith attends agency actions." Id. Under our standard of review, we agree with the board that the agency properly weighed the circumstances and concluded that the charge warranted a 120-day suspension.